# Exhibit A

**SCHMIERER LAW GROUP, LLC**
By: Ross H. Schmierer, Esquire
Attorney I.D. No. 036352002
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Tel: (732) 588-8688
*Attorneys for the Plaintiff*

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
(*Pro Hac Vice* Applications Forthcoming)
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364

---

GWEN BOCCHINFUSO, and JAMES
BRENDLE individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

THE WONDERFUL COMPANY LLC

        Defendant.

SUPERIOR COURT OF NEW JERSEY
MONMOUTH COUNTY – LAW DIVISION

**CIVIL ACTION**

 Docket No.:

**CLASS ACTION COMPLAINT
JURY DEMANDED**

---

Plaintiffs, Gwen Bocchinfuso and James Brendle ("Plaintiffs"), by and through their counsel, state and allege matters pertaining to themselves and their own acts, upon personal knowledge, and as to all other matters, upon information and belief, based upon the investigation undertaken by their counsel, as follows:

<u>**PRELIMINARY STATEMENT**</u>

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8 *et seq.* resulting from the illegal actions of the defendant, The Wonderful Company LLC ("Defendant") in selling adulterated products.

<u>**PARTIES**</u>

2.     Plaintiff Gwen Bocchinfuso is an individual and citizen of New Jersey.

3.      Plaintiff James Brendle is an individual and citizen of New Jersey.

4.      Upon information and belief, Defendant is a foreign corporation with its principal place of business located in Los Angeles, California.

5.      At all times relevant to this Complaint, Defendant was engaged in the marketing and sale of bottled water.

## FACTS COMMON TO ALL COUNTS

6.      Defendant advertises, markets, sells, and distributes bottled water throughout Illinois and the United States.

7.      During the Class Period (as defined below), Defendant sold Fiji bottled water (the "Products") that contained manganese and several strains of bacteria, rendering them adulterated.[1]

8.      Exposure to high levels of manganese can lead to manganese toxicity which results in psychiatric abnormalities.[2]

9.      Exposure to bacteria may cause bacterial infections that negatively affect the health of persons exposed.[3]

10.     Manganese and bacterial contamination is a material concern to Plaintiff and other reasonable consumers.

11.     Bottled water labeling and content regulations are proscribed by 21 C.F.R. § 165.110.

---

[1] Fiji Water Bottles Sold on Amazon Recalled, *USA Today* (May 29, 2024), https://www.usatoday.com/story/money/food/2024/05/29/fiji-water-bottles-amazon-recalled/73899911007/.
[2] StatPearls, Manganese Toxicity, *StatPearls* (StatPearls Publishing, 2024), https://www.ncbi.nlm.nih.gov/books/NBK560903/.
[3] R. G. Pearl et al., Anesthesia in the Time of COVID-19, *J. Cardiothorac. Vasc. Anesth.* vol. 34, no. 9 (2020), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7149789/.

2

12.     21 C.F.R. § 165.110 states that bottled water containing a substance at a level considered injurious to health under section 402(a)(1) of the Federal Food, Drug, and Cosmetic Act (the act), or that consists in whole or in part of any filthy, putrid, or decomposed substance, or that is otherwise unfit for food under section 402(a)(3) of the act is deemed to be adulterated, regardless of whether or not the water bears a label statement of substandard quality prescribed by paragraph (c) of this section.

13.     The levels of Manganese and bacteria found the Defendant's products were determined to be at a level potential injurious to health, and as a result the Products are in the process of being recalled.

14.     New Jersey law prohibits the sale of adulterated products. N.J. Stat. Ann. § 24:5-1.

15.     The following picture includes an example of a contaminated Product received by Plaintiffs:





16.     Plaintiff Bocchinfuso orders approximately eight cases of the Products per month from Amazon.com. Plaintiff's most recent order of the Products occurred on or about February 26, 2024. Plaintiff Bocchinfuso received the contaminated bottles in one of her monthly orders occurring during or about January or February 2024.

17.     Plaintiff Brendle orders cases of the Products regularly from Amazon.com. Plaintiff Brendle received the contaminated bottles during or about February 2024.

18.     Persons, like Plaintiffs herein, have an interest in purchasing products that are not adulterated.

19.     Therefore, Plaintiffs has been deprived of their legally protected interest to obtain unadulterated consumer products in from their purchases.

20.     As a result of Defendant's sale of adulterated Products, Plaintiffs and the Classes have not received the benefit of the bargain they paid money for, namely that the Products would not be adulterated and could be consumed safely.

21.     Plaintiffs and the Class Members have suffered an ascertainable loss of money as a result of receiving adulterated products, as those Products are not worth the money Plaintiffs paid for them.

4

22.     Plaintiffs were unaware that the Products were adulterated when they purchased them.

23.     As a result of Defendant's acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

      a.    Lost money; and

      b.    Wasting Plaintiffs' time;

## CLASS ALLEGATIONS

24.     Plaintiffs brings this action on behalf of themselves and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased adulterated Products from Defendant within six years prior to the filing of the Complaint through the date of class certification.

25.     Plaintiffs also brings this action on behalf of themselves and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of New Jersey who purchased adulterated Products from Defendant within six years prior to the filing of the Complaint through the date of class certification.

26.     The Class and the Sub-Class satisfy all of the requirements for maintaining a class action, specifically:

      a.    Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there are hundreds, if not thousands of individuals in the United States and the State of New Jersey who purchased the products within the applicable statute of limitations period.

5

b.      There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

    i.      Whether the Products are adulterated;

    ii.     Whether the Class and Sub-Class members were informed that the Products were adulterated when they purchased them;

    iii.    Whether Defendant's conduct was unfair and deceptive;

    iv.     Whether there should be a tolling of the statute of limitations; and

    iv.     Whether the Class and Sub-Class members are entitled to restitution, actual damages, treble damages, and attorneys' fees and costs.

c.      Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.      Plaintiffs have no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.      Plaintiffs will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiffs have retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.      This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

g.      This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and

without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

h.   Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

27.   Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

28.   The size and definition of the Class and Sub-Class can be identified by Defendant's own records, and the records of retailers of Defendant's Products.

## COUNT I
## VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD
## ACT, N.J.S.A. 56:8 *et seq.*

29.   Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 29 above as if fully reiterated herein.

30.     Plaintiffs are each a "person" as defined in N.J. Stat. Ann. § 56:8-1(c), as they are natural persons

31.     Defendant is a "person" as defined in N.J. Stat. Ann. § 56:8-1(c), as it is a company and a business entity and/or association.

32.     N.J. Stat. Ann. § 56:8-2 states:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

33.     Through its sale of the adulterated Products, Defendant engaged in a commercial practice that is unconscionable and abusive, and has therefore engaged in an unlawful practice.

34.     N.J. Stat. Ann. § 56:8-19 states:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit

35.     Defendant failed to comply with the requirements of the NJCFA, including, but not limited to, N.J. Stat. Ann. § 56:8-2 as to the Class and Sub-Class members with respect to the above-alleged transactions.

36.     By reason thereof, Plaintiffs are entitled to a judgment against Defendant, declaring that Defendant's conduct violated N.J. Stat. Ann. § 56:8-2, and awarding actual damages, treble

damages, injunctive relief, costs, and attorneys' fees.

## MISCELLANEOUS

37.   Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a.   An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b.   An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c.   An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful and unconscionable conduct herein;

d.   Judgment against Defendant in an amount to be determined at trial;

e.   An order for injunctive relief prohibiting such conduct by Defendant in the future;

f.   Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

g.   Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: June 21, 2024

**SCHMIERER LAW GROUP, LLC**

By:_____

Ross H. Schmierer

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.

## NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of the Complaint will be mailed to the Attorney General of the State of New Jersey

within ten days after the filing with the Court, pursuant to N.J.S.A. 56:8-20.

Dated: June 21, 2024

**SCHMIERER LAW GROUP, LLC**

By:_____

Ross H. Schmierer

## Rule 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.      I am aware of no other matter currently filed or pending in any court in any jurisdiction

which may affect the parties or matters described herein.

Dated: June 21, 2024

**SCHMIERER LAW GROUP, LLC**

By:_____

Ross H. Schmierer

## DESIGNATION OF TRIAL COUNSEL

Ross H. Schmierer, Esquire, of the law firm of the Schmierer Law Group, LLC, is hereby

designated trial counsel.

Dated: June 21, 2024

**SCHMIERER LAW GROUP, LLC**

By:_____

Ross H. Schmierer

## DEMAND TO PRESERVE EVIDENCE

1.      Defendant is hereby directed and demanded to preserve all physical and electronic

information pertaining in any way to plaintiff, to plaintiff's causes of action and /or prayers for

relief, to any defense to same, and pertaining to any party, including, but not limited to, electronic

data storage, closed circuit TV footages, digital images, computer images, cache memory,

searchable data, emails, spreadsheets, employment files, memos, text messages and any and all

online social or work related websites, entries on social networking sites, (including, but not

limited to, Facebook, Twitter, etc.) and any other information and/or data and/or things and and/or

documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for

appropriate adverse inferences.

Dated: June 21, 2024

**SCHMIERER LAW GROUP, LLC**

By:_____

Ross H. Schmierer

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-002057-24

**Case Caption:** BOCCHINFUSO GWEN  VS THE WONDERFUL COMPAN Y LLC

**Case Initiation Date:** 06/21/2024

**Attorney Name:** ROSS H SCHMIERER

**Firm Name:** SCHMIERER LAW GROUP LLC

**Address:** 3000 ATRIUM WAY STE 200

MOUNT LAUREL NJ 08054

**Phone:** 8562594800

**Name of Party:** PLAINTIFF : BOCCHINFUSO, GWEN

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: GWEN BOCCHINFUSO?** NO

**Are sexual abuse claims alleged by: JAMES BRENDLE?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>06/21/2024</u>
Dated

<u>/s/ ROSS H SCHMIERER</u>
Signed



## Service of Process Transmittal Summary

**TO:**   Johnny Traboulsi, Attorney
the Wonderful company
11444 W Olympic Blvd Fl 10
Los Angeles, CA 90064-1557

**RE:**   **Process Served in Delaware**

**FOR:**   The Wonderful Company LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GWEN BOCCHINFUSO, and JAMES BRENDLE individually and on behalf of all others similarly situated // To: The Wonderful Company LLC |
| **CASE #:** | MONL00205724 |
| **NATURE OF ACTION:** | Product Liability Litigation |
| **PROCESS SERVED ON:** | The Corporation Trust Company, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/26/2024 at 10:27 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Johnny Traboulsi  johnny.traboulsi@roll.com |
| | Email Notification,  Kristina Diaz  kristina.diaz@roll.com |
| | Email Notification,  Matthew Moran  matthew.moran@roll.com |
| | Email Notification,  RLG Administrator  rlgadmin@roll.com |
| **REGISTERED AGENT CONTACT:** | The Corporation Trust Company 1209 Orange Street Wilmington, DE 19801 866-203-1500 DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                    Wed, Jun 26, 2024
**Server Name:**                             Wilmington Drop Serve

| Entity Served | THE WONDERFUL COMPANY LLC |
|---|---|
| Case Number | MONL00205724 |
| Jurisdiction | DE |

| Inserts | | |
|---|---|---|
| | | |



**SCHMIERER LAW GROUP, LLC**
By: Ross H. Schmierer, Esquire
Attorney I.D. No. 036352002
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(856) 259-4800

**LAW OFFICES OF TODD M. FRIEDMAN**
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
(*Pro Hac Vice* Applications Forthcoming)
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364

*Attorneys for the Plaintiffs*

| | |
|---|---|
| GWEN BOCCHINFUSO, and JAMES BRENDLE individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>THE WONDERFUL COMPANY LLC,<br><br>          Defendant. | SUPERIOR COURT OF NEW JERSEY<br>MONMOUTH COUNTY - LAW DIVISION<br><br>Civil Action<br><br>Docket No.: MON-L-002057-24<br><br>**SUMMONS** |

**From The State of New Jersey**
**To the Defendant(s) named above:**

The plaintiffs, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/ prose/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Jennifer M. Perez*
JENNIFER M. PEREZ
Clerk of the Superior Court

Dated: June 25, 2024

**Name of Defendant to be served:**
The Wonderful Company LLC

**Address of Defendant to be served:**
c/o the Corporation Trust Company (Registered Agent),
Corporation Trust Center 1209 Orange St
Wilmington, DE, 19801

2

**SCHMIERER LAW GROUP, LLC**
By: Ross H. Schmierer, Esquire
Attorney I.D. No. 036352002
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Tel: (732) 588-8688
*Attorneys for the Plaintiff*

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.
(*Pro Hac Vice* Applications Forthcoming)
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364

| | |
|---|---|
| GWEN BOCCHINFUSO, and JAMES BRENDLE individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>THE WONDERFUL COMPANY LLC<br><br>     Defendant. | SUPERIOR COURT OF NEW JERSEY MONMOUTH COUNTY – LAW DIVISION<br><br>**CIVIL ACTION**<br><br>Docket No.:<br><br>**CLASS ACTION COMPLAINT JURY DEMANDED** |

Plaintiffs, Gwen Bocchinfuso and James Brendle ("Plaintiffs"), by and through their counsel, state and allege matters pertaining to themselves and their own acts, upon personal knowledge, and as to all other matters, upon information and belief, based upon the investigation undertaken by their counsel, as follows:

## PRELIMINARY STATEMENT

1.     This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8 *et seq.* resulting from the illegal actions of the defendant, The Wonderful Company LLC ("Defendant") in selling adulterated products.

## PARTIES

2.     Plaintiff Gwen Bocchinfuso is an individual and citizen of New Jersey.

3.      Plaintiff James Brendle is an individual and citizen of New Jersey.

4.      Upon information and belief, Defendant is a foreign corporation with its principal place of business located in Los Angeles, California.

5.      At all times relevant to this Complaint, Defendant was engaged in the marketing and sale of bottled water.

## FACTS COMMON TO ALL COUNTS

6.      Defendant advertises, markets, sells, and distributes bottled water throughout Illinois and the United States.

7.      During the Class Period (as defined below), Defendant sold Fiji bottled water (the "Products") that contained manganese and several strains of bacteria, rendering them adulterated.[1]

8.      Exposure to high levels of manganese can lead to manganese toxicity which results in psychiatric abnormalities.[2]

9.      Exposure to bacteria may cause bacterial infections that negatively affect the health of persons exposed.[3]

10.     Manganese and bacterial contamination is a material concern to Plaintiff and other reasonable consumers.

11.     Bottled water labeling and content regulations are proscribed by 21 C.F.R. § 165.110.

---

[1] Fiji Water Bottles Sold on Amazon Recalled, *USA Today* (May 29, 2024), https://www.usatoday.com/story/money/food/2024/05/29/fiji-water-bottles-amazon-recalled/73899911007/.
[2] StatPearls, Manganese Toxicity, *StatPearls* (StatPearls Publishing, 2024), https://www.ncbi.nlm.nih.gov/books/NBK560903/.
[3] R. G. Pearl et al., Anesthesia in the Time of COVID-19, *J. Cardiothorac. Vasc. Anesth.* vol. 34, no. 9 (2020), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7149789/.

12.     21 C.F.R. § 165.110 states that bottled water containing a substance at a level considered injurious to health under section 402(a)(1) of the Federal Food, Drug, and Cosmetic Act (the act), or that consists in whole or in part of any filthy, putrid, or decomposed substance, or that is otherwise unfit for food under section 402(a)(3) of the act is deemed to be adulterated, regardless of whether or not the water bears a label statement of substandard quality prescribed by paragraph (c) of this section.

13.     The levels of Manganese and bacteria found the Defendant's products were determined to be at a level potential injurious to health, and as a result the Products are in the process of being recalled.

14.     New Jersey law prohibits the sale of adulterated products. N.J. Stat. Ann. § 24:5-1.

15.     The following picture includes an example of a contaminated Product received by Plaintiffs:





16.     Plaintiff Bocchinfuso orders approximately eight cases of the Products per month from Amazon.com. Plaintiff's most recent order of the Products occurred on or about February 26, 2024. Plaintiff Bocchinfuso received the contaminated bottles in one of her monthly orders occurring during or about January or February 2024.

17.     Plaintiff Brendle orders cases of the Products regularly from Amazon.com. Plaintiff Brendle received the contaminated bottles during or about February 2024.

18.     Persons, like Plaintiffs herein, have an interest in purchasing products that are not adulterated.

19.     Therefore, Plaintiffs has been deprived of their legally protected interest to obtain unadulterated consumer products in from their purchases.

20.     As a result of Defendant's sale of adulterated Products, Plaintiffs and the Classes have not received the benefit of the bargain they paid money for, namely that the Products would not be adulterated and could be consumed safely.

21.     Plaintiffs and the Class Members have suffered an ascertainable loss of money as a result of receiving adulterated products, as those Products are not worth the money Plaintiffs paid for them.

4

22.     Plaintiffs were unaware that the Products were adulterated when they purchased

them.

23.     As a result of Defendant's acts and omissions outlined above, Plaintiffs have

suffered concrete and particularized injuries and harm, which include, but are not limited to, the

following:

      a.     Lost money; and

      b.     Wasting Plaintiffs' time;

## CLASS ALLEGATIONS

24.     Plaintiffs brings this action on behalf of themselves and all others similarly

situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased adulterated
> Products from Defendant within six years prior to the filing of the
> Complaint through the date of class certification.

25.     Plaintiffs also brings this action on behalf of themselves and all others similarly

situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of New Jersey who purchased
> adulterated Products from Defendant within six years prior to the
> filing of the Complaint through the date of class certification.

26.     The Class and the Sub-Class satisfy all of the requirements for maintaining a class

action, specifically:

      a.     Upon information and belief, the Class and the Sub-Class are so numerous

that joinder of all members is impracticable. On information and belief there

are hundreds, if not thousands of individuals in the United States and the

State of New Jersey who purchased the products within the applicable

statute of limitations period.

5

b.    There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

      i.    Whether the Products are adulterated;

      ii.    Whether the Class and Sub-Class members were informed that the Products were adulterated when they purchased them;

      iii.    Whether Defendant's conduct was unfair and deceptive;

      iv.    Whether there should be a tolling of the statute of limitations; and

      iv.    Whether the Class and Sub-Class members are entitled to restitution, actual damages, treble damages, and attorneys' fees and costs.

c.    Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d.    Plaintiffs have no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e.    Plaintiffs will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiffs have retained experienced and competent attorneys to represent the Class and the Sub-Class.

f.    This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

g.    This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and

without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

h.      Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

27.      Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

28.      The size and definition of the Class and Sub-Class can be identified by Defendant's own records, and the records of retailers of Defendant's Products.

**COUNT I**
**VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD**
**ACT, N.J.S.A. 56:8 _et seq._**

29.      Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 29 above as if fully reiterated herein.

7

30. Plaintiffs are each a "person" as defined in N.J. Stat. Ann. § 56:8-1(c), as they are natural persons

31. Defendant is a "person" as defined in N.J. Stat. Ann. § 56:8-1(c), as it is a company and a business entity and/or association.

32. N.J. Stat. Ann. § 56:8-2 states:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

33. Through its sale of the adulterated Products, Defendant engaged in a commercial practice that is unconscionable and abusive, and has therefore engaged in an unlawful practice.

34. N.J. Stat. Ann. § 56:8-19 states:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit

35. Defendant failed to comply with the requirements of the NJCFA, including, but not limited to, N.J. Stat. Ann. § 56:8-2 as to the Class and Sub-Class members with respect to the above-alleged transactions.

36. By reason thereof, Plaintiffs are entitled to a judgment against Defendant, declaring that Defendant's conduct violated N.J. Stat. Ann. § 56:8-2, and awarding actual damages, treble

damages, injunctive relief, costs, and attorneys' fees.

## MISCELLANEOUS

37.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

   a.     An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

   b.     An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

   c.     An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful and unconscionable conduct herein;

   d.     Judgment against Defendant in an amount to be determined at trial;

   e.     An order for injunctive relief prohibiting such conduct by Defendant in the future;

   f.     Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

   g.     Any other relief deemed just and proper by this Court.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: June 21, 2024

**SCHMIERER LAW GROUP, LLC**

By:_____

Ross H. Schmierer

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq.
Adrian R. Bacon, Esq.

## NOTICE TO ATTORNEY GENERAL OF ACTION

A copy of the Complaint will be mailed to the Attorney General of the State of New Jersey

within ten days after the filing with the Court, pursuant to N.J.S.A. 56:8-20.

Dated: June 21, 2024

**SCHMIERER LAW GROUP, LLC**

By:_____

Ross H. Schmierer

## Rule 4:5-1 CERTIFICATION

1.      I am licensed to practice law in New Jersey and am responsible for the captioned matter.

2.      I am aware of no other matter currently filed or pending in any court in any jurisdiction

which may affect the parties or matters described herein.

Dated: June 21, 2024

**SCHMIERER LAW GROUP, LLC**

By:_____

Ross H. Schmierer

## DESIGNATION OF TRIAL COUNSEL

Ross H. Schmierer, Esquire, of the law firm of the Schmierer Law Group, LLC, is hereby

designated trial counsel.

Dated: June 21, 2024

SCHMIERER LAW GROUP, LLC

By:_____

Ross H. Schmierer

## DEMAND TO PRESERVE EVIDENCE

1.      Defendant is hereby directed and demanded to preserve all physical and electronic

information pertaining in any way to plaintiff, to plaintiff's causes of action and /or prayers for

relief, to any defense to same, and pertaining to any party, including, but not limited to, electronic

data storage, closed circuit TV footages, digital images, computer images, cache memory,

searchable data, emails, spreadsheets, employment files, memos, text messages and any and all

online social or work related websites, entries on social networking sites, (including, but not

limited to, Facebook, Twitter, etc.) and any other information and/or data and/or things and and/or

documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for

appropriate adverse inferences.

Dated: June 21, 2024

SCHMIERER LAW GROUP, LLC

By:_____

Ross H. Schmierer

# Civil Case Information Statement

| Case Details: MONMOUTH | Civil Part Docket# L-002057-24 |
|---|---|

**Case Caption:** BOCCHINFUSO GWEN  VS THE
WONDERFUL COMPAN Y LLC

**Case Initiation Date:** 06/21/2024

**Attorney Name:** ROSS H SCHMIERER

**Firm Name:** SCHMIERER LAW GROUP LLC

**Address:** 3000 ATRIUM WAY STE 200
MOUNT LAUREL NJ 08054

**Phone:** 8562594800

**Name of Party:** PLAINTIFF : BOCCHINFUSO, GWEN

**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** TORT-OTHER

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: GWEN BOCCHINFUSO?** NO

**Are sexual abuse claims alleged by: JAMES BRENDLE?** NO

---

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** YES  **Title 59?** NO  **Consumer Fraud?** YES
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/21/2024                                                                /s/ ROSS H SCHMIERER
Dated                                                                           Signed

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1270
FREEHOLD        NJ 07728

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 358-8700
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JUNE 21, 2024
                    RE:     BOCCHINFUSO GWEN  VS THE WONDERFUL COMPAN Y LLC
                    DOCKET: MON L -002057 24

     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON LINDA G. JONES

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       003
AT:  (732) 358-8700 EXT 87549.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         ATT: ROSS H. SCHMIERER
                         SCHMIERER LAW GROUP LLC
                         3000 ATRIUM WAY
                         STE 200
                         MOUNT LAUREL     NJ 08054

ECOURTS