| | |
|---|---|
| **KAZEROUNI LAW GROUP A.P.C.**<br>Ross H. Schmierer, Esq. (RS-7215)<br>3000 Atrium Way, Suite 200<br>Mount Laurel, New Jersey 08054<br>Phone: (732) 588-8688<br>ross@kazlg.com | **LAW OFFICES OF TODD M. FRIEDMAN, PC**<br>Todd M. Friedman, Esq.<br>(*Pro Hac Vice* Application Forthcoming)<br>21031 Ventura Boulevard, Suite 340<br>Woodland Hills, CA 91364<br>tfriedman@toddflaw.com |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GWEN BOCCHINFUSO, and JAMES BRENDLE individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>THE WONDERFUL COMPANY LLC<br><br>  Defendant. | Case No. 3:24-cv-08005-ZNQ-JTQ<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY DEMANDED** |

Plaintiff Gwen Bocchinfuso and plaintiff James Brendle ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, and for their Class Action Complaint against the Defendant, THE WONDERFUL COMPANY LLC, ("Defendant"), allege and state as follows:

**PRELIMINARY STATEMENT**

1.     This is a class action seeking damages, injunctive relief, and any other available legal or equitable remedies, for violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8 *et seq.*, Breach of Implied Warranty in Violation of the Magnuson-Moss Warranty Act 15 U.S.C. § 2301, *et seq*, Breach of the Implied Warranty of Merchantability, Breach of Express Warranty, and Negligence resulting from the illegal actions of Defendant, in selling

contaminated products. Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

2. Plaintiff Gwen Bocchinfuso is an individual and New Jersey citizen.

3. Plaintiff James Brendle is an individual and New Jersey citizen.

4. Upon information and belief, Defendant is a foreign corporation whose principal place of business is located in Los Angeles, California.

5. At all times relevant to this Complaint, Defendant was engaged in the marketing and sale of bottled water.

## JURISDICTION

6. This Court has jurisdiction pursuant to 28 U.S.C. §1332(d), because Defendant removed this case alleging that the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest or costs and is a class action in which the members of the class are citizens of a State different from the Defendant.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the original claim occurred in this District

## FACTS COMMON TO ALL COUNTS

8. Defendant advertises, markets, sells, and distributes bottled water throughout New Jersey and the United States.

9. During the Class Period (as defined below), Defendant sold Fiji bottled water (the "Products") that contained manganese and several strains of bacteria, rendering them unsafe to drink.[1]

10. Exposure to high levels of manganese can lead to manganese toxicity which results in psychiatric abnormalities.[2]

11. Exposure to bacteria may cause bacterial infections that negatively affect the health of persons exposed.[3]

12. Manganese and bacterial contamination are a material concern to Plaintiffs and other reasonable consumers.

13. The levels of Manganese and bacteria found in the Defendant's products were determined to be at a level potential injurious to health, and as a result the Products are in the process of being recalled.

14. New Jersey law prohibits the sale of adulterated products. N.J. Stat. Ann. § 24:5-1.

15. Even if New Jersey law did not prohibit the sale of adulterated products, Defendant's Products cannot be consumed by consumers, and as a result the Products cannot be used for their intended purpose.

16. When purchasing the Products, Plaintiffs were misled into making their purchase on the belief that the Products they received would be potable water that they could consume safely.

---

[1] Fiji Water Bottles Sold on Amazon Recalled, *USA Today* (May 29, 2024), https://www.usatoday.com/story/money/food/2024/05/29/fiji-water-bottles-amazon-recalled/73899911007/.
[2] StatPearls, Manganese Toxicity, *StatPearls* (StatPearls Publishing, 2024), https://www.ncbi.nlm.nih.gov/books/NBK560903/.
[3] R. G. Pearl et al., Anesthesia in the Time of COVID-19, *J. Cardiothorac. Vasc. Anesth.* vol. 34, no. 9 (2020), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7149789/.

17. Plaintiffs received less than the benefit of the bargain they paid money for, namely the Products they received are worth less than the Product promised by Defendant because Plaintiffs cannot actually consume the Products.

18. Plaintiffs lost the entire value of the Products they purchased because the Products cannot be used for personal consumption, which is the purpose of the Products.

19. As a result, the loss Plaintiffs suffered can be easily quantified because the entire value of the Products has been eliminated by the unsafe levels of Manganese and bacteria contained therein.

20. The following picture includes an example of a contaminated Product received by Plaintiffs:





21. Plaintiff Bocchinfuso orders approximately eight cases of the Products per month from Amazon.com.

22. Plaintiff Bocchinfuso's most recent order of the Products occurred on or about February 26, 2024.

23. Plaintiff Bocchinfuso received the contaminated bottles in one of her monthly orders occurring during or about January or February 2024.

24. Plaintiff Brendle orders cases of the Products regularly from Amazon.com.

25. Plaintiff Brendle received the contaminated bottles during or about February 2024.

26. Persons, like Plaintiffs herein, have an interest in purchasing Products that can be consumed and used as intended.

27. Therefore, Plaintiffs have been deprived of their legally protected interest to obtain consumer products fit for consumption from their purchases.

28. As a result of Defendant's sale of contaminated Products, Plaintiffs and the Classes have not received the benefit of the bargain they paid money for, namely that the Products could be consumed safely.

29. Plaintiffs and the Class Members have suffered an ascertainable loss of money as a result of receiving products they cannot consume, as those Products are not worth the money Plaintiffs paid for them.

30. Plaintiffs were unaware that the Products were contaminated when they purchased them.

31. As a result of Defendant's acts and omissions outlined above, Plaintiffs have suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Lost money; and

    b. Wasting Plaintiffs' time;

## CLASS ALLEGATIONS

32. Plaintiffs brings this action on behalf of themselves and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States who purchased Products from Defendant within six years prior to the filing of the original Complaint through the date of class certification.

33. Plaintiffs also brings this action on behalf of themselves and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows

> All persons within the State of New Jersey who purchased Products from Defendant within six years prior to the filing of the original Complaint through the date of class certification.

34. The Class and the Sub-Class satisfy all of the requirements for maintaining a class action, specifically:

    a. Upon information and belief, the Class and the Sub-Class are so numerous that joinder of all members is impracticable. On information and belief there

       are hundreds, if not thousands of individuals in the United States and the State of New Jersey who purchased the products within the applicable statute of limitations period.

b. There are questions of fact and/or law which are common to the Class and the Sub-Class, and which predominate over questions affecting any individual Class or Sub-Class members. These common questions of fact and law include, but are not limited to:

    i. Whether the Products are contaminated;

    ii. Whether the Class and Sub-Class members were informed that the Products were contaminated when they purchased them;

    iii. Whether Defendant's conduct was unfair or deceptive;

    iv. Whether the Products can be consumed;

    v. Whether there should be a tolling of the statute of limitations; and

    vi. Whether the Class and Sub-Class members are entitled to restitution, actual damages, treble damages, and attorneys' fees and costs.

c. Plaintiff's claims are typical of the Class and the Sub-Class, which all arise from the same operative set of facts and are based on the same legal theories

d. Plaintiffs have no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

e. Plaintiffs will fairly and adequately protect the interests of the Class and the Sub-Class and Plaintiffs have retained experienced and competent attorneys to represent the Class and the Sub-Class.

  f. This class action is a fair and efficient adjudication of the controversy alleged herein. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

  g. This class action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. This class action will also permit the adjudication of relatively small claims by many Class and Sub-Class members who would not otherwise be able to afford to seek legal redress for the wrongs complained of herein. Absent a class action, Class and Sub-Class members will continue to suffer losses of legally protected rights, as well as monetary damages. If Defendants' conduct is allowed proceed to without remedy, Defendants will continue to benefit financially from such conduct.

  h. Defendants have acted on grounds generally applicable to the entire Class and Sub-Class, thereby making it appropriate for the Court to order final monetary, injunctive, and declaratory relief with respect to the Class and the Sub-Class as a whole.

35. Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

36. The size and definition of the Class and Sub-Class can be identified by Defendant's own records, and the records of retailers of Defendant's Products.

## COUNT I
## VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD
## ACT, N.J.S.A. 56:8 *et seq.*

37. Plaintiffs incorporate all of the allegations and statements made in Paragraphs 1 through 31 above as if fully reiterated herein.

38. Plaintiffs are each a "person" as defined in N.J. Stat. Ann. § 56:8-1(c), as they are natural persons

39. Defendant is a "person" as defined in N.J. Stat. Ann. § 56:8-1(c), as it is a company and a business entity and/or association.

40. N.J. Stat. Ann. § 56:8-2 states:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

41. Through its sale of the contaminated Products, Defendant engaged in a commercial practice that is unconscionable and abusive, and has therefore engaged in an unlawful practice.

42. N.J. Stat. Ann. § 56:8-19 states:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action or assert a counterclaim therefor in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys'

fees, filing fees and reasonable costs of suit

43. Defendant failed to comply with the requirements of the NJCFA, including, but not limited to, N.J. Stat. Ann. § 56:8-2 as to the Class and Sub-Class members with respect to the above-alleged transactions

44. By reason thereof, Plaintiffs are entitled to a judgment against Defendant, declaring that Defendant's conduct violated N.J. Stat. Ann. § 56:8-2, and awarding actual damages, treble damages, injunctive relief, costs, and attorneys' fees.

## COUNT II
## BREACH OF IMPLIED WARRANTY IN VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT – 15 U.S.C. § 2301, *et seq.*

45. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 31 above as if fully reiterated herein.

46. The Product purchased by Plaintiffs were subject to an implied warranty of merchantability, as defined in 15 U.S.C. § 2301(7), running from Defendant to Plaintiffs.

47. Plaintiffs are and were at all relevant times in privity of contract with Defendant.

48. Defendant is prohibited from disclaiming or modifying any implied warranty when making a written warranty to a consumer, or when, within 90 days thereafter, Defendant enters into a service contract with the consumer which applies to such consumer product.

49. Pursuant to 15 U.S.C. § 2308, Plaintiffs' Products were impliedly warranted to be fit for the ordinary purpose for which it was intended.

50. The above-described defects and nonconformities present in the Products render the Products unfit for the ordinary purpose for which the Products were intended.

51. As a direct and proximate result of Defendant's breach of the implied warranty of merchantability, Plaintiff has suffered and will continue to suffer various damages.

10

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

52. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 31 above as if fully reiterated herein.

53. Defendant is a merchant with respect to bottled water products, including the Products listed herein.

54. Plaintiffs purchased the Products from Defendant during or about January and February 2024.

55. An implied warranty that the goods were useable for their intended purpose arose as a matter of law as part of the sale of the Products to Plaintiffs.

56. Defendant breached the implied warranty of merchantability in that the Products are not safe to drink and therefore cannot be used for their intended purpose, personal consumption.

57. The Products were not fit for consumption at the time of the sale and at the time that Defendant introduced them into commerce.

58. As a result of the Defendant's breach of the implied warranty of merchantability Plaintiffs have been deprived of the money they paid for the Products.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

59. Plaintiffs incorporate all of the allegations and statements made in paragraphs 1 through 31 above as if fully reiterated herein

60. Plaintiffs purchased the Products from Defendant on the dates specified above.

61. In connection with the sale, Defendant expressly represented that the Products contained drinking water.

62. Defendant breached its express warranty in that the Products cannot be safely

consumed.

63. As a result of Defendant's breach of warranty, Plaintiffs have suffered damages in the amount they paid for the Products.

## COUNT V
## NEGLIGENCE

64. Plaintiffs re-allege and incorporate herein paragraphs 1 through 31 above, in their entirety, as though fully set forth below.

65. Defendant had a duty of care to ensure that the Products it sold were potable water at the time Defendant sold the Products.

66. Defendant failed to exercise ordinary care regarding its Product manufacturing process by, among other things, failing to ensure the Products were contained drinkable water when the products were sold, and failing to notify Plaintiffs of the true content of the Products.

67. As a proximate result of the negligence of Defendant, Plaintiffs received Products that were not safe to consume and were therefore deprived of the money they spent on the Products.

68. As a further proximate result of the negligence of Defendant, Plaintiffs have suffered wasted time, mental anguish, and a loss of confidence in product safety.

## MISCELLANEOUS

69. Plaintiffs and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for a judgment against Defendant as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiffs as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order awarding Plaintiffs all actual damages suffered, including but not limited to, the return of all monies paid for the Products, plus all incidental and consequential damages;

f. An order for injunctive relief prohibiting such conduct by Defendant in the future;

g. Judgment against Defendant for Plaintiffs' attorneys' fees, court costs, and other litigation costs; and

h. Any other relief deemed just and proper by this Court.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: September 30, 2024

**KAZEROUNI LAW GROUP, APC**

By: */s/ Ross H. Schmierer*
Ross Schmierer, Esq.
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
Phone: (732) 588-8688
Fax: (800) 520-5523
ross@kazlg.com

**LAW OFFICES OF TODD M. FRIEDMAN, PC**
Todd M. Friedman, Esq.
(*Pro hac Vice* Application Forthcoming)
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
*Attorneys for Plaintiffs*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: September 30, 2024

By: *s/ Ross H. Schmierer*
Ross H. Schmierer, Esq.
3000 Atrium Way, Suite 200
Mount Laurel, New Jersey 08054
(T): (856) 259-4800
ross@kazlg.com
*Attorneys for Plaintiffs*